HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

HECTOR CARRILLO-REYES,

        Defendant/Petitioner.

Case No. CR 03-5808 RBL
Case No. C 09-5272 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C §2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I.     BACKGROUND

On May 24, 2004 Carrillo-Reyes pleaded guilty to conspiracy to distribute methamphetamine (Count 1) and possession of methamphetamine with intent to distribute (Count 4). He pleaded guilty on the day set for trial and without the benefit of a written plea agreement. At his plea, the defendant was represented by retained attorneys Antonio Salazar and Robert Chavez. Carrillo-Reyes subsequently fired his retained counsel and the Court appointed Thomas Campbell to represent the defendant. After several continuances for the purpose of allowing Carrillo-Reyes to move to withdraw his guilty plea (which was denied), on December 8, 2005 the defendant was sentenced to the statutory minimum sentence of 120 months custody.

Carrillo-Reyes appealed his sentence. The Ninth Circuit affirmed this Court's Judgment and the defendant subsequently filed the instant motion under 28 U.S.C. §2255. In the motion he alleges that his trial and appellate counsel rendered ineffective assistance. Specifically, he alleges that his attorneys were ineffective because they: (1) failed to challenge the evidentiary sufficiency of the conspiracy charge to which he pleaded guilty; and (2) failed to contest the government's alleged interference with his ability to produce two favorable witnesses at sentencing.

## II. DISCUSSION

### A. **Plaintiff's claim of pretrial ineffective assistance of counsel is barred by his guilty plea.**

As a general rule,[1] a guilty plea bars a subsequent challenge to pre-plea constitutional violations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thereafter, a criminal defendant "may only attack the voluntary and intelligent nature of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."[2] *Id.* The Ninth Circuit has refused to consider ineffective assistance of counsel claims made by a defendant who pleaded guilty which were based on the alleged failure of counsel to move to suppress evidence. *See Moran v. Godinez,* 57 F.3d 690, 700 (9th Cir. 1994), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003). Therefore, plaintiff's claim of ineffective assistance of counsel for counsel's failure to move pretrial to dismiss the conspiracy count is barred by his guilty plea.

### B. **Counsel's performance was not deficient**.

Even if the defendant's claim of ineffective assistance of counsel is not barred by his guilty plea, he cannot show that his counsel's performance was deficient.

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that "counsel's representation fell below an objective

---

[1] Challenges to the jurisdiction of the court are an exception to the rule. *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991).

[2] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (advice to plead guilty must be "within the range of competence demanded of attorneys in criminal cases.")

standard of reasonableness", *id.,* at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* at 689. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

        1.        Sufficiency of the conspiracy charge.

Carrillo-Reyes' first ground for relief alleges that his counsel were deficient because they did not argue at trial or appeal that the conspiracy charge should be dismissed "because there is not an actionable conspiracy with an informant [who] since became a government agent." [Petition, p. 5]. Had they so argued, he reasons, the conspiracy charge would have been dismissed.

The defendant's argument is only partly correct legally, and is wholly unsupported by the facts. It is correct that one cannot conspire with only one person when that person is a government agent. *United States v. de Bright*, 742 F.2d 1196, 1199-1200 (9th Cir. 1984). However, in this case the record reflects that the conspiracy charge was based on defendant's activities with the informant which occurred prior to the informant's arrest and decision to cooperate with law enforcement. Therefore, because the conspiracy charge had a viable basis in law and in fact, his counsel had no grounds to challenge it. The failure to raise an issue which has no merit does not equate to deficient performance. For this same reason, appellate counsel's decision to not raise the issue on appeal was not deficient.

        2.        Failure to challenge the government's alleged interference with sentencing witnesses.

Carrillo-Reyes alleges that his attorney was ineffective because he failed to argue either at sentencing or on appeal that the government violated his Fifth and Sixth Amendment rights by allegedly preventing the testimony of two witnesses who would purportedly provide testimony favorable to the defendant at sentencing.[3]

The defendant was originally scheduled for sentencing on September 3, 2004. The sentencing was

---

[3] The defendant has not provided any evidence by way of affidavits or otherwise as to what testimony these two witnesses would provide. He has therefore not met his burden. *See e.g., James v. Borg*, 24 F.3d 20 (9th Cir. 1994).

ORDER
Page - 3

continued several times to allow new counsel to be appointed, to allow newly appointed counsel to file a motion to withdraw defendant's guilty plea, to conduct a hearing on the motion to withdraw guilty plea,[4] and to allow counsel time to prepare for sentencing. During this process, the Court was informed that defendant would seek an evidentiary hearing to resolve disputed facts necessary for sentencing. Specifically, counsel informed the Court that he intended to challenge the government's denial of "safety valve" eligibility, to challenge the amount of drugs attributable to the defendant for guideline calculation purposes, and to challenge the defendant's role in the offense.

After several more continuances, the evidentiary hearing and sentencing was finally set to begin on December 8, 2005. At the beginning of the hearing, defense counsel informed the Court that there were two men who arrived at the courtroom prior to the hearing who were escorted out of the courtroom by law enforcement agents. Apparently, the agents took the men to another area of the courthouse to question them about their "alienage." Counsel informed the Court that he needed time to talk to these men, one of whom would be a potential witness at defendant's evidentiary hearing. According to defense counsel, he believed that the witness would testify that the defendant was with him installing drywall on the date that Carrillo-Reyes allegedly delivered 856.9 grams of pure methamphetamine to his co-conspirator. Those drugs were found in the possession of the co-conspirator when the co-conspirator was arrested and thereafter cooperated with law enforcement.

The Court then informed the defendant and counsel that the Court was not inclined to find the defendant "safety valve" eligible, not inclined to find that the defendant was a minor participant, and that no matter what the testimony of the possible witness might be, was inclined to sentence at the statutory mandatory minimum of 120 months. The Court then took a recess to allow counsel and the defendant the opportunity to confer.

When the Court resumed the bench, defendant's counsel put on the record that he had discussed the matter with his client and that Carrillo-Reyes waived his right to an evidentiary hearing on the issue of his responsibility for the 856.9 grams of pure methamphetamine found in possession of the co-conspirator. The defendant agreed to proceed to sentencing based on the papers previously filed. The Court then determined that the safety valve did not apply and that the defendant was not entitled to a

---

[4]The defendant's motion to withdraw his guilty plea was denied after a hearing on February 11, 2005.

minor role adjustment. The Court calculated the defendant's Total Offense Level at 34 with a Criminal History Category of I resulting in a guideline range of 151-188 months. The Court then sentenced the defendant to 120 months, the statutory mandatory minimum.

The record thus reflects that defendant's counsel at sentencing did seek to interview the two witnesses and contested the government's interference with that opportunity; however, the record also reflects that defendant waived his right to call those witnesses at an evidentiary hearing thereby negating any "interference" by the government. The record also reflects that counsel presented the argument on appeal because the Court of Appeals rejected the argument and found that defendant had waived his right to an evidentiary hearing. *United States v. Carrillo-Reyes*, 264 Fed. Appx. 607 (9th Cir. 2008). Counsel's performance was not deficient.

Even if the hearing was not waived, and even if the Court had conducted the hearing and excluded the disputed 856.9 grams of pure methamphetamine, the defendant still faced a mandatory 120 month sentence based on the drugs he admittedly supplied to his co-conspirator and the drugs found in the defendant's possession upon arrest. Therefore, whatever alleged deficient performance occurred, Carrillo-Reyes suffered no prejudice.

### III.    CONCLUSION

Defendant's counsel rendered the constitutionally required assistance of counsel. Defendant's motion pursuant to 28 U.S.C. §2255 is DENIED

The Court declines to issue a certificate of appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

DATED this 19th day of January, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5